EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Consejo de Titulares del Condominio New San Juan<br><br>Recurrido<br><br>vs.<br><br>Williams Hospitality Group, Inc.<br><br>Peticionario | Certiorari<br><br>2006 TSPR 94<br><br>168 DPR ____ |

Número del Caso: CC-2004-1184

Fecha: 1 de junio de 2006

Tribunal de Apelaciones:

> Región Judicial de Carolina

Juez Ponente:

> Hon. Ismael Colón Birriel

Abogados de la Parte Peticionaria:

> Lcda. Nilda M. Navarro Cabrer
> Lcdo. Nelson J. Santiago Marrero

Abogado de la Parte Recurrida:

> Lcdo. Victor M. Rivera Torres

Materia: Injunction (Ley de Propiedad Horizontal)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Consejo de Titulares del
Condominio New San Juan

    Recurrido


       vs.                    CC-2004-1184       Certiorari


Williams Hospitality Group,
Inc.

    Peticionario


Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.


San Juan, Puerto Rico, a 1 de junio de 2006.


Nos toca determinar si la Ley de Condominios, Ley Núm. 103 del 5 de abril de 2003, que enmendó el esquema jurídico sobre la propiedad horizontal, debe aplicarse retroactivamente.


I

El Condominio New San Juan (en adelante el Condominio), ubicado en la avenida Isla Verde en Carolina, Puerto Rico, fue sometido al régimen de propiedad horizontal el 10 de octubre de 1972. El Condominio constaba de: una estructura de dos pisos destinada a uso comercial, con un sótano con estacionamientos; una estructura de once pisos destinada a uso residencial; y una estructura

de estacionamiento para los apartamientos residenciales. Williams Hospitality Group Inc. (en adelante Williams) era dueño de todos los locales del segundo y último piso del edificio comercial.

El 8 de septiembre de 2000 el Consejo de Titulares del Condominio New San Juan (en adelante el Consejo), representado por su Presidenta, Teófila Ramona Santiago, presentó ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una petición de *injunction* contra Williams por alegadas violaciones a la Ley de Propiedad Horizontal, según enmendada en 1976 a través de la Ley Núm. 157 del 4 de junio de 1976. El Consejo alegó, entre otras cosas, que Williams había realizado cambios y construcciones nuevas y había hecho uso indebido del área de estacionamiento para ubicar una planta eléctrica con su tanque. Williams contestó la demanda y negó las alegaciones, pero aceptó haber cerrado el estacionamiento de su propiedad con un portón eléctrico y haberlo usado para colocar la planta eléctrica.

Ya trabada la controversia, y después de diversos trámites procesales, incluido el descubrimiento de prueba, Williams presentó un escrito intitulado "Nuevamente Moción de Sentencia Sumaria a la Luz de las Disposiciones de la Nueva Ley de Condominios" el 26 de marzo de 2004. En éste Williams argumentó que los cambios que el Consejo había enumerado en su demanda cumplían todos con los requisitos para llevar a cabo mejoras establecidos por la nueva Ley de

Condominios, Ley Núm. 103, *supra*. En esencia, Williams argumentó que la evidencia no controvertida demostraba que los cambios alegados: (1) quedaban cubiertos por la nueva definición de mejora que establece la Ley Núm. 103, *supra*; (2) no afectaban los derechos, la seguridad, ni el disfrute de ninguna de las unidades del Condominio; (3) sólo incidían en los elementos comunes limitados de las unidades comerciales, según fueron designados en la escritura matriz; y (4) contaban con la aprobación de los titulares afectados, *i.e.*, los titulares comerciales. El foro de instancia celebró una conferencia sobre el estado de los procedimientos y ordenó a las partes someter memorandos de derecho sobre la posible aplicabilidad al caso de la nueva Ley de Condominios, Ley Núm. 103, *supra*. Una vez las partes cumplieron con su cometido, el Tribunal de Primera Instancia, mediante orden del 29 de junio de 2004, adoptó el planteamiento de Williams sobre la aplicación de la Ley Núm. 103, *supra*, a los hechos del presente caso.

Inconforme con dicha determinación del foro de instancia, el Consejo presentó un recurso de *certiorari* ante el Tribunal de Apelaciones el 6 de agosto de 2004. Williams presentó su escrito en oposición el 3 de septiembre de 2004. El foro apelativo emitió su sentencia el 10 de noviembre de 2004, mediante la cual expidió el recurso solicitado y revocó la orden del Tribunal de Primera Instancia. Según el Tribunal de Apelaciones, en virtud del principio de la irretroactividad de las leyes que impera en Puerto Rico, la

Ley Núm. 103, *supra*, tenía efecto prospectivo ya que, de acuerdo a su apreciación, del texto de la propia Ley no surgía que tuviese aplicación retroactiva.

Williams presentó un recurso de *certiorari* ante nuestra consideración oportunamente, en el que levantó sólo un señalamiento de error: "[e]rró el Tribunal de Apelaciones al determinar que la Ley de Condominios de 2003 no es de aplicación a este caso". El 1 de abril de 2005 expedimos el recurso. El 11 de mayo de 2005 Williams presentó su alegato. El Consejo presentó el suyo el 15 de junio de 2005. Con el beneficio de ambas comparecencias, pasamos a resolver.

II

A. La Nueva Ley de Condominios

La Asamblea Legislativa de Puerto Rico promulgó la nueva Ley de Condominios, Ley Núm. 103, *supra*, el 5 de abril de 2003 con el propósito de fortalecer el régimen de propiedad horizontal y de adecuarlo a la realidad social del país. Según surge de la Exposición de Motivos de la Ley Núm. 103, *supra*, la revisión del régimen ya había estado en agenda legislativa durante algún tiempo, porque el legislador estaba consciente de que el régimen necesitaba "ajustes a fin de dotarlo de mayor eficacia". Exposición de Motivos, Ley Núm. 103, *supra*. Se señaló así mismo que la legislación anterior se prestaba al abuso del derecho, puesto que, por su rigidez, muchas actuaciones quedaban a la merced de una mayoría de condóminos no siempre simpatizantes

con los derechos individuales de los otros titulares. De tal forma, el régimen de propiedad horizontal de la antigua ley propiciaba, sin así proponérselo, situaciones absurdas, pero legales. "Estas aberraciones respondían en parte a una distorsionada visión 'comunitaria', que le atribuye a la administración de los elementos comunes en el régimen de propiedad horizontal más importancia que al disfrute de la propiedad privada sobre el apartamiento". M. J. Godreau, *La Nueva Ley de Condominios*, San Juan, Editorial Dictum, 2003, pág. 20.

Con esta preocupación en mente, el legislador dispuso expresamente en el artículo 2 de la Ley Núm. 103, *supra*, que "[e]n el ejercicio y el reclamo de sus derechos, los titulares, actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y del abuso del derecho". Art. 2 Ley Núm. 103, *supra*. Igualmente, el legislador aclaró y flexibilizó las disposiciones que versan sobre la sana convivencia entre los titulares. Las nuevas disposiciones persiguen, entre otros propósitos, encontrar soluciones a los problemas creados por la ley anterior. Por esta razón, la Ley Núm. 103, *supra*, se nutre de las experiencias reales que desembocaron en los tribunales o en el DACO, y pretende aliviar las situaciones que con más frecuencia experimentan los titulares. M.J. Godreau, op cit., pág. 12.

Con miras a atacar de frente las situaciones indeseables que surgían a base de la legislación anterior,

el legislador dispuso en el artículo 44 de la Ley Núm. 103, *supra*, que "[e]sta Ley entrará en vigor noventa (90) días después de su aprobación y **sus disposiciones regirán a todo inmueble sometido al régimen de Propiedad Horizontal, cualquiera que sea el momento en que fuera sometido a dicho régimen**". Art. 44 Ley Núm. 103, *supra*. En derecho es claro, pues, que el momento jurídico en que el inmueble haya sido sometido al régimen no da lugar a distinción alguna en cuanto a la aplicación de la Ley. Así surge, no solamente del texto de ésta, sino también de la clara intención del legislador de frenar los abusos a los que la legislación anterior contribuía.

B. El Principio de la Irretroactividad de las Leyes

Aunque en nuestro ordenamiento rige, como regla general y en virtud del artículo 3 del Código Civil, el principio de la irretroactividad de las leyes, este precepto no es absoluto. Así surge del texto del propio artículo, que establece que "[l]as leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario. En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior". 31 L.P.R.A. sec. 3. Y es que no puede ser de otro modo. En ocasiones, el legislador solamente puede alcanzar la transformación de situaciones jurídicas indeseables disponiendo el alcance retroactivo de determinadas leyes. De otra forma la sociedad estaría atada a perpetuidad a normas

que impiden su desarrollo. "[E]l ordenamiento jurídico se resiste a ser inmovilizado en un momento histórico preciso, toda vez que por su propia naturaleza 'ordena relaciones de convivencia humana, y deben responder a la realidad de cada momento como instrumento de progreso y perfeccionamiento'". J. Suárez Collía, *El principio de irretroactividad de las normas jurídicas*, Madrid, Actas, 1991, pág. 54. De igual forma se expresó en una ocasión el juez Hernández Matos al reconocer que:

> [s]abemos que la absoluta retroactividad del derecho positivo sería la muerte de la seguridad y de la confianza jurídica; pero también sabemos que la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho. El respeto a los derechos adquiridos, a los hechos consumados, a las situaciones ya existentes, no se opone a […] leyes que se dan en vista de situaciones pasadas. La tendencia moderna, tanto en la doctrina como en la legislación, consiste en limitar todo lo posible el principio de la irretroactividad, excepto en materia de contratos, que en muchos países, como en Alemania, se mantiene, no obstante, en toda su pureza. Ocasio v. Díaz, 88 D.P.R. 676, 728-9 (1963).

Con esta realidad en mente, ya antes hemos resuelto que una ley puede tener efecto retroactivo si así surge claramente de la intención legislativa, ya sea de forma expresa o tácita. Rodríguez Sierra v. Administración de Retiro de los Empleados de E.L.A. y la Judicatura, res. 13 de mayo de 2003, 159 D.P.R. ___, 2003 TSPR 78, 2003 JTS 79; Nieves Cruz v. Universidad de Puerto Rico, 151 D.P.R. 150, 158-9 (2000). En forma similar hemos resuelto que, aunque una ley no disponga expresamente su efecto retroactivo, debe aplicarse retroactivamente si dicha interpretación es la más

razonable según el propósito legislativo. Junta de Relaciones del Trabajo v. Autoridad de Energía Eléctrica, 133 D.P.R. 1, 14 (1993).

No obstante, aun cuando la ley disponga su efecto retroactivo o así surja de la intención legislativa, ésta no podrá afectar derechos adquiridos por las partes en virtud de la legislación anterior. Así surge del texto del artículo 3 del Código Civil, ya citado. Los derechos adquiridos son la "consecuencia de un hecho idóneo, al producirlos en virtud de la ley vigente en el tiempo en que el hecho ha sido realizado, y que se han incorporado al patrimonio de la persona". Suárez Collía, op cit., pág. 53. Sin embargo, no toda situación jurídica acaecida en virtud y en vigencia de la ley anterior es un derecho adquirido para propósitos de limitar la retroactividad, expresa o tácita, de una ley posterior. Bien señala Santos Briz que:

> para que pueda hablarse de derechos adquiridos propiamente tales es necesario que se trate de situaciones subjetivas, cuya extensión y alcance son determinados por un acto o negocio jurídico, no directamente por la ley, que se limita a hacer posible la conclusión de ese acto o negocio (un contrato, por ejemplo). Este negocio singular e individual no puede ser afectado por la norma posterior. En cambio, las situaciones jurídicas objetivas (por ejemplo, el régimen de la propiedad) pueden ser modificadas por leyes posteriores. J. Santos Briz y otros, *Tratado de Derecho Civil*, primera edición, Barcelona, Editorial Bosch, S.A., 2003, Tomo I, pág. 294.

En este sentido, el derecho adquirido no puede ser el conjunto de facultades que la ley anterior permitía que los ciudadanos ejerciesen, ya que esto sería el estado de

derecho objetivo que la nueva ley intenta cambiar. El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. Así, los tratadistas distinguen entre la mera expectativa del derecho y los derechos adquiridos que ya entraron en el patrimonio de los sujetos involucrados. M. Albaladejo, *Derecho Civil*, undécima edición, Barcelona, Editorial Bosch, 1989, Tomo I, Volumen primero, pág. 204.

III

En virtud de lo dispuesto expresamente en el artículo 44 de la Ley, ya citado, como de la intención legislativa ya discutida, surge claramente que la Ley Núm. 103, *supra*, debe ser de aplicación retroactiva. Y es que sólo de esta forma se cumpliría con el propósito del legislador de dar por terminadas las situaciones jurídicas indeseables que germinaban a la luz de la legislación anterior. **No aplicar la Ley Núm. 103, *supra*, a controversias como la de autos equivaldría a laurear actuaciones que el estado de derecho vigente conjura; estaríamos incumpliendo, entonces, con la intención legislativa. Por tanto, resolvemos que, en virtud de su tenor más razonable y de las poderosas razones de orden público que movieron al legislador a materializarla, la Ley Núm. 103, *supra*, aplicará retroactivamente**.

Sin embargo, el análisis no termina aquí, ya que debemos preguntarnos si aplicar la nueva Ley Núm. 103,

*supra*, de forma retroactiva, como en efecto sería nuestra obligación, afecta derechos adquiridos por los titulares de apartamientos en inmuebles sometidos al régimen de propiedad horizontal al amparo de la ley anterior. Nuestra contestación dependerá de la situación jurídica que se pretenda reclamar con arreglo a la legislación antigua.

Conforme ya hemos discutido, la teoría de los derechos adquiridos prohíbe la aplicación retroactiva de una ley cuando tal aplicación afecte relaciones jurídicas existentes antes de la vigencia de la nueva ley, que nacieron fundamentándose en la legislación anterior. Así pues, no puede cuestionarse al amparo de la legislación actual una acción concreta de la Junta de Directores de un inmueble sometido al régimen de propiedad horizontal si tal acción fue avalada en una asamblea en la que medió votación <u>por representación</u>, cuando en aquel momento todo se hizo conforme al derecho entonces vigente.[1] En un caso como ese, los titulares de los apartamientos tendrían un derecho adquirido sobre las decisiones previamente tomadas, y la Ley

---

[1] La legislación anterior permitía que cualquier persona representara a un titular en una asamblea. De esta forma se perpetraron innumerables injusticias, puesto que la Junta de Directores podía elegir a los representantes a su conveniencia para así controlar las votaciones. El legislador, consciente de este problema, limitó en la Ley Núm. 103, *supra*, las personas que pueden votar en representación de los titulares. El artículo 27 de la Ley, que enmendó el artículo 38-B de la antigua ley, reduce las personas que pueden actuar como representantes de un titular en una asamblea a: (1) otro titular del condominio; (2) un familiar del titular, hasta el segundo grado de consanguinidad; (3) el cónyuge del titular; (4) arrendatarios que residan en el condominio; (5) el abogado del titular; o (6) el apoderado del dueño que muestre poder otorgado ante notario. M.J. Godreau, <u>op cit.</u>, págs. 48-9.

Núm. 103, *supra*, no podría afectarlas. No obstante, no cabe hablar de derechos adquiridos si lo que se pretende es celebrar asambleas, **al presente**, cuando las personas a votar por representación no cumplen con las exigencias de la nueva Ley. La Junta de Directores del condominio en cuestión no podría alegar que tiene un derecho adquirido a aceptar los votos por representación según se permitía bajo la ley anterior. En tal caso la pretensión de la Junta de Directores estaría predicada en el estado de derecho objetivo provisto por la legislación anterior; un estado de derecho que la legislación actual no contempla.

Las alegaciones que surgen de los escritos de las partes en la presente controversia versan sobre facultades que el ordenamiento previo otorgaba a los titulares de un inmueble sometido al régimen de propiedad horizontal para que éstos pudiesen garantizar el disfrute individual y comunitario de los elementos que comprenden el inmueble. Resulta, sin embargo, que las facultades otorgadas a los titulares de un inmueble sometido al régimen de propiedad horizontal han sido modificadas por la Ley Núm. 103, *supra*.

Estamos conscientes de que el Tribunal de Primera Instancia, en el caso de autos, todavía no ha tenido la oportunidad de apreciar y expresarse sobre la prueba aportada por las partes. Así surge de la orden que facilitó la presentación del presente recurso. El Tribunal de Primera Instancia, una vez evaluada la prueba, deberá decidir, a tenor con lo aquí resuelto, si el Consejo está en efecto

ejercitando un derecho adquirido bajo la antigua ley o, si por el contrario, su pretensión es perpetuar el estado de derecho objetivo de la ley anterior, que ya no vincula.

## IV

Según se desprende de los autos del caso ante nuestra consideración, el foro de instancia acogió el razonamiento de Williams según éste fue vertido en su Memorando de Derecho sobre la aplicación retroactiva de la Ley Núm. 103, *supra*. No erró al así actuar, por lo que procede que revoquemos el dictamen del Tribunal de Apelaciones y devolvamos el caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para que continúen los procedimientos, según lo aquí resuelto. Se dictará sentencia de conformidad.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Consejo de Titulares del
Condominio New San Juan

    Recurrido

         vs.              CC-2004-1184       Certiorari

Williams Hospitality Group,
Inc.

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 1 de junio de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para que continúen los procedimientos, según lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo